UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY O., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-361-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, *Commissioner of* | ) | **ORDER ADOPTING MAGISTRATE** |
| *Social Security*, | ) | **JUDGE'S REPORT AND** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Magistrate Judge Regina S. Edwards's Report and Recommendation ("Recommendation"). [R. 25]. The Recommendation addresses Plaintiff Anthony O.'s appeal from the final determination of the Commissioner denying his application for child disability benefits. Plaintiff did not object to Magistrate Judge Edwards's Recommendation. For the reasons that follow, the Court will adopt the Recommendation and affirm the final decision of the Commissioner.

## I.      Background

On May 23, 2019, Marlena O. filed an application for Supplemental Security Income ("SSI") benefits from the Social Security Administration under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"), on behalf of her son, Plaintiff Anthony O., who was then a minor. [R. 10 (Administrative Record) (hereinafter "Administrative Transcript" or "Tr."), at 204]. The application was denied initially and on reconsideration. [Tr. 68–99]. Upon Plaintiff's request, a hearing was conducted in Louisville, Kentucky before Administrative Law Judge Candance McDaniel ("ALJ McDaniel") on February 16, 2021. (Tr. 40–67). Plaintiff reached adult

age by the time the administrative hearing was held, and he attended the hearing with his mother

and an attorney. *Id.* ALJ McDaniel issued an unfavorable decision on May 12, 2021. (Tr. 12–39).

Because Plaintiff was under the age of 18 when his SSI application was filed,[1] ALJ

McDaniel began by apply the three-step sequential analysis promulgated by the Commissioner for

evaluating a disability claim for a minor claimant, 20 C.F.R. § 416.924(a), and found as follows.

First, Plaintiff has not engaged in substantial gainful activity since May 23, 2019, his application

date. [Tr. 20]. Second, prior to reaching age 18, Plaintiff had the severe impairments of autism,

anxiety, depression, and asthma. *Id.* Third, none of Plaintiff's impairments or combination of

impairments met or medically equaled the severity of a listed impairment under 20 C.F.R. Pt. 404,

Subpt. P, App'x 1. [Tr. 29]. ALJ McDaniel therefore found that, prior to reaching age 18, Plaintiff

was not disabled. *Id.*

Because Plaintiff turned 18 while his claim was pending, ALJ McDaniel continued through

the five-step sequential analysis promulgated by the Commissioner for evaluating a disability

claim for adults, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir.

2010), and noted that while Plaintiff had not developed any new impairments since turning 18, he

maintains the severe impairments she previously listed. *Id.* Still, ALJ McDaniel found that none

of those impairments reached or equaled listing level. *Id.* She then determined that, since reaching

adult age, Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at

all exertional levels, with the following non-exertional limitations:

> [Claimant] should avoid concentrated exposure to temperature extremes involving
> wetness and humidity as well as concentrated exposure to fumes, odors, dusts,
> gases, and pulmonary irritants; can understand, remember, and carry out simple and
> detailed instructions; and can interact occasionally with supervisors and coworkers

---

[1] A claimant under the age of 18 is considered disabled if they have a physical or mental impairment, or combination of impairments, that results in marked and severe functional limitations that have lasted or can be expected to last for a continuous period of not less than 12 months, or can be expected to result in death. *See generally* 20 C.F.R. § 416.924.

but no work in tandem with coworkers and no interaction with the public for task completion.

[Tr. 30]. ALJ McDaniel noted that Plaintiff has no past relevant work, but based on his age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. [Tr. 33]. Based on this evaluation, ALJ McDaniel concluded Plaintiff was not disabled. [Tr. 34]. Plaintiff sought review of ALJ McDaniel's decision, and the Appeals Council declined review. [Tr. 1]. At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. [R. 1].

The Court referred Plaintiff's case to Magistrate Judge Edwards for consideration and the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 13]. After the parties submitted their respective briefs [R. 14]; [R. 15], Magistrate Judge Edwards issued her Recommendation on June 2, 2023, recommending that the final decision of the Commissioner be affirmed. [R. 25].

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Magistrate Judge Edwards accurately recited this standard before addressing each of Plaintiff's arguments concerning ALJ McDaniel's decision. First addressing Plaintiff's contention that ALJ McDaniel violated Social Security Ruling 00-4p, which requires an administrative law judge to identify, address, and explain the resolution of "apparent" conflicts between the testimony of a vocational expert and the contents of the Dictionary of Occupational Titles ("DOT"), Magistrate Judge Edwards determined that the conflict at issue was not apparent and that, even if it had been, ALJ McDaniel did not err in relying on the vocational expert's testimony. [R. 25, pp. 5–9]. Indeed, an administrative law judge is not required "to conduct an independent investigation into the testimony of witnesses to determine if they are correct" nor "explain how the conflict was resolved." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). Moreover, an administrative law judge may rely on vocational expert testimony so long as the administrative law judge "either ensure[s] that the evidence does not conflict with the information in the DOT or obtain[s] a reasonable explanation for any conflict." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 316-18 (6th Cir. 2020) (citation omitted). An administrative law judge satisfies this requirement by asking a vocational expert whether their testimony aligns with the DOT, which ALJ McDaniel did here.

Next, Magistrate Judge Edwards considered Plaintiff's argument, for which he relies on *Brian T.D. v. Kijakazi*, 580 F. Supp. 3d 615 (D. Minn. 2022) and *Richard J. M. v. Kijakazi*, No. 19-cv-827 (KMM), 2022 WL 959914, at * (D. Minn. Mar. 30, 2022), that neither ALJ McDaniel nor the Appeals Council members were properly appointed under the Constitution because Acting Commissioner Nancy Berryhill had no authority under the Federal Vacancies Reform Act (FVRA) to make such appointments. [R. 25, pp. 10–17]. Magistrate Judge Edwards thoroughly considered this issue before finding that Berryhill was "validly serving as Acting Commissioner under §

3346(a) of the FVRA when she ratified the appointment of ALJ McDaniel in 2018." *Id.* at 17. In

doing so, Magistrate Judge Edwards explained:

> The Eighth Circuit has unequivocally rejected *Brian T.D.*'s interpretation of the
> FVRA. *Dahle*, 62 F. 4th at 429-30. And, notwithstanding the Eighth Circuit's
> reversal, *Brian T.D.* is "an outlier that conflicts with the plain text of the FVRA,
> nearly every other court to address the issue, as well as the views of the Executive
> Branch and Legislative Branch." *Williams*, 2022 WL 2163008, at *3; *see also*
> *Lance M.*, 2022 WL 3009122, at *14 ("I am not alone in rejecting Brian T.D.'s
> interpretation).

*Id.*

Having found Plaintiff's arguments on appeal unpersuasive, Magistrate Judge Edwards

recommended that the final decision of the Commissioner be affirmed. *Id.* Magistrate Judge

Edwards's Recommendation advised the parties that any objections must be filed within fourteen

(14) days. *Id.* The time to file objections has passed, and neither party has filed any objections to

the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the

Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are

made, this Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions,

under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who

fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a

district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490,

495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Here, Plaintiff

failed to file objections to Magistrate Judge Edwards's recommendation and, consequently, this

Court is not required to undertake *de novo* review and Plaintiff is barred from appealing the Court's

order adopting Magistrate Judge Edwards' Recommendation.

Nevertheless, The Court has reviewed the record, and likewise finds that ALJ McDaniel's

decision complies with the applicable regulations and is supported by substantial evidence. The

Court therefore agrees with Magistrate Judge Edwards's Recommendation that the Commissioner's decision be affirmed.

For all these reasons, the Court will adopt Magistrate Judge Edwards's Report and Recommendation and affirm the Commissioner's decision.

**IT IS THEREFORE ORDERED** as follows:

1. Magistrate Judge Edwards's Report and Recommendation [**R. 25**] is **ADOPTED** as the opinion of the Court.

2. The final decision of the Commissioner is **AFFIRMED**.

3. A separate Judgment will be entered consistent with this Order.

This the 21st day of June, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Counsel of record